NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2601
_____

UNITED STATES OF AMERICA

v.

WILLIAM C. HARRIS,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. Nos. 2-14-cr-00685-001 and 2-04-cr-00423-001)
District Judge: Honorable William J. Martini
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 13, 2016
_____

Before: CHAGARES, GREENAWAY, JR and RESTREPO, *Circuit Judges*.

(Opinion Filed: January 4, 2017)
_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William C. Harris ("Harris") appeals the District Court's judgment revoking his supervised release and sentencing him to 23 months of imprisonment, to be served consecutively to the 82 months of imprisonment he received for being a felon in possession of a firearm.[1]  Upon completion of his term of incarceration, Harris will serve one year on supervised release for the revocation, to be served concurrently to the three years of supervised release he received for the substantive offense.  His counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no non-frivolous issues exist for appeal and seeking to withdraw as counsel.  For the reasons set forth below, we will grant counsel's motion to withdraw and affirm the judgment of the District Court revoking his supervised release.

## I.  Background

On March 24, 2005, Harris was sentenced to a term of 120 months of incarceration, to be followed by a three year term of supervised release, for being a felon in possession of a firearm.  He began his supervised release on August 24, 2012.  His supervised release was plagued with many problems, resulting in at least one modification of the conditions of his release prior to the incidents forming the basis of this revocation.

---

[1] Harris does not raise any issues on appeal relating to his judgment of conviction for the substantive offense, nor could he since his guilty plea included an appellate waiver provision that limits an appeal to challenges to the sentence if it falls above the agreed Sentencing Guidelines range.  Since the 82 month sentence is within the applicable Guidelines range, the only issues Harris could raise on appeal would be the jurisdiction of the District Court and the voluntariness of his guilty plea.  Because the District Court's jurisdiction is clear, and our review of the guilty plea colloquy reveals no error, neither issue could form the basis of an appeal.

Relevant to the present discussion, Harris was arrested on August 15, 2014 by Newark police officers for unlawful possession of a firearm. Specifically, police officers, who were responding to a call identifying a man with long dreadlocks walking with a gun in an area where a shooting had recently occurred, saw two men sitting in a parked car. Ralph Smith ("Smith"), the individual in the driver's seat, had long dreadlocks and was drinking a bottle of Hennessy. Harris sat in the front passenger seat, wearing a black face mask. When the police approached the car, they saw Harris pull down his face mask and remove from his waistband a chrome handgun, which he attempted to place on the floor between his feet. The police then removed both men from the car, issued Smith a summons and released him, and arrested Harris for being in possession of the weapon.

On October 6, 2014, Harris was arrested for violating the terms of his supervised release.[2] After a bail hearing before a magistrate judge, Harris was denied bail and placed in federal custody pending the violation hearing. After the state charge of being a felon in possession of a firearm was assumed for federal prosecution, Harris was federally arrested and ultimately pled guilty to the firearm offense on January 29, 2015.

At his revocation hearing on June 25, 2015, Harris pled guilty to one violation— committing another crime, namely, the possession of the firearm—and the government dismissed the remaining violations. He was sentenced the same day on both the substantive offense and the violation of supervised release.

---

[2] Harris had been arrested for other violations of the terms of his supervised release in May 2014. He was released on those charges.

## II.  Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III.  Standard of Review

"In [*Anders v. California*], the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal."  *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000).  The attorney must always "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744.  If, however, "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  *Id.*

To withdraw, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Marvin*, 211 F.3d at 780.  Hence, this Court's inquiry when considering a lawyer's *Anders* brief is two-fold; we must determine: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  In accordance with 3d Cir. L.A.R. 109.2, if an appeal is judged to be wholly frivolous, this Court must "grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel."  *Id.* (quoting 3d Cir. L.A.R. 109.2(a) (internal quotation marks omitted)).

4

If counsel fails to thoroughly address any possible issues on appeal, we are not always required to appoint new counsel. "'[I]n those cases in which frivolousness is patent,' we will not appoint new counsel even if an *Anders* brief is insufficient to discharge current counsel's obligations to his or her client and this court." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (quoting *Marvin*, 211 F.3d at 781).

### IV. Analysis

In his brief, counsel identified two potentially appealable issues: that the District Court's postponement of the revocation hearing was a violation of Harris's right to a speedy revocation hearing, which was prejudicial to him;[3] and that the District Court erred in its refusal to grant Harris credit for the time served from October 6, 2014 to June 25, 2015. Harris filed a pro se brief echoing, and slightly expanding upon, the issues identified by counsel.[4]

Because, as discussed below, none of these issues are non-frivolous, the motion to withdraw will be granted.

Although revocation hearings are not part of a criminal prosecution, such that "the

---

[3] Although Harris and his counsel treat this as two separate issues, prejudice is an element of a violation of Harris's right to a timely revocation hearing. *United States v. Poellnitz*, 372 F.3d 562, 570-71 (3d Cir. 2004).

[4] Although counsel has not identified every possible issue for appeal, none of the additional issues we have considered are non-frivolous. The guilty plea at the violation hearing was voluntary, thus not presenting a valid issue for appeal. The only other possible basis for appeal would be a challenge to the procedural and substantive validity of the sentence. We perceive no problem here. As we have previously commented, "not every *Anders* brief need include a challenge to the reasonableness of the sentence, especially when the pro se appellant does not raise the issue." *Coleman*, 575 F.3d at 319.

5

full panoply of rights . . . [would] apply," defendants are still afforded some due process protections in these hearings. *Morrissey v. Brewer*, 408 U.S. 471, 480, 488 (1972). *See also* Fed. R. Crim. P. 32.1(b)(2) ("Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction.").

In determining whether a delay was reasonable, courts consider the following factors: the length of the delay; the reason for the delay; the defendant's assertion of his right; and whether the delay caused the defendant any prejudice. *United States v. Poellnitz*, 372 F.3d 562, 570 (3d Cir. 2004).

Here, the length of time between Harris's detention and his revocation hearing was approximately nine months. While the length of time by itself is insufficient to determine reasonableness, courts have found longer time lapses to be well within reason. *See, e.g.*, *Id.* at 571 (finding that a two-year delay between the filing of the supervised release violation petition and the violation hearing was not unreasonable). Nothing in the record suggests that the amount of time in Harris's case was unreasonable.

As to the assertion of the right to a speedy revocation hearing, Harris claims that he "adamantly tried to get a final decision on the case on both dates [when his] hearings [were] delayed [on] October 15, 2014 and December 17, 2014." Pro Se Br. 4. Harris cites to a "letter to the District Court asking for transcripts" as evidence that he requested a timely decision, but there is no record of this letter on the docket, nor attached to his brief. Pro Se Br. 4. Even if Harris had submitted a request for transcripts, that request does not convey an intent to invoke his right to a speedy hearing.

Harris argues that he was prejudiced by the nine-month delay. Specifically, he

6

states that:

> the delay of [his] revocation hearing caused [him] to fall out of the guideline range that [he] would have been in. 7B1.4.(a) of the sentence guidelines for revocation would have put [him] in the 8-14 month guideline range. Because of the delay [he] was forced to be put in the 21-27 month guideline range.

Pro Se Br. 4.

While it is possible that the imposition of a longer sentence caused by an unreasonable delay in a revocation hearing may be violative of the right to due process, we are unable to identify any basis for such a claim here. Section 7B1.4 has neither changed nor been amended since Harris was detained, and waiting nine months did not change the applicable Guidelines range for the revocation of supervised release.

Given the reasonable time period, Harris's failure to assert his right to a speedy hearing, and the absence of prejudice, this claim does not present a basis for appeal.

Finally, Harris asserts that the District Court "erred [by] not granting [him] jail credit on [his] indicted matter. . . . [because] the Bureau of Prisons . . . only give[s] jail credit if or when the District Court grants that jail credit."[5] Pro se Br. 3. This issue requires little discussion because "[a]fter a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence. . . . [T]he district court cannot determine the amount of the credit at sentencing . . . ." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Because it is not the District Court's responsibility to make determinations regarding the

---

[5] Although counsel did not address this issue in his brief, he was not required to do so. *Youla*, 241 F. 3d at 300 ("Counsel need not raise and reject every possible claim.").

7

administration of the sentence, this argument presents no valid basis for appeal.

Because Harris identifies no non-frivolous issues, we will grant the motion to withdraw and affirm the judgment of the District Court. Pursuant to 3d Cir. L.A.R. 109.2(b), counsel is also relieved of the obligation to file a writ of certiorari in the Supreme Court.